NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1441

DANIEL J. BENWAY[1]

vs.

CRAIG J. CALLAHAN & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Daniel J. Benway, appeals from a judgment in the Superior Court dismissing his unjust enrichment claim against the defendants, Craig and Cynthia Callahan.[3]  Because it is unclear whether this judgment amounted to an improper reconsideration of the decision of a prior panel of this court, as opposed to merely a determination of no damages on the

---

[1] Doing Business as Irrigation Plus.

[2] Cynthia Provencher and Connorstone Engineering, Inc. Although the plaintiff's complaint named Cynthia Provencher as a defendant, the defendants' brief refers to her as Cynthia Callahan, and we do likewise.

[3] The plaintiff's breach of contract claim against Connorstone Engineering, Inc. was dismissed before the first trial.  We use the term defendants to refer to Craig and Cynthia Callahan.

plaintiff's claim, we vacate the judgment and remand the case for clarification of the judgment and, if necessary, further proceedings consistent with this memorandum and order.

Background.  In 2016, the plaintiff filed a complaint against the defendants claiming breach of contract, unjust enrichment, violation of the covenant of good faith and fair dealings, and violation of G. L. c. 93A.  The plaintiff's claims arise from work he performed for the defendants involving the development of a subdivision on the defendants' property. Following a jury trial in 2019, the jury found that, even though the parties did not enter into a contract, the defendants were unjustly enriched and awarded the plaintiff $200,000 in damages. The defendants filed a motion for judgment notwithstanding the verdict (judgment n.o.v.) or, in the alternative, for remittitur or a new trial.  The trial judge allowed the request for judgment n.o.v. and entered judgment in the defendants' favor. The plaintiff appealed from that judgment to this court.

On appeal, a panel of this court concluded in an unpublished decision that although the jury's award of $200,000 was unsupported by the evidence, the defendants' request for judgment n.o.v. should have been denied and "there was a basis for a remittitur" on the plaintiff's unjust enrichment claim. See Benway v. Callahan, 100 Mass. App. Ct. 1114 (2021).  The panel held that remittitur was "the more appropriate remedy"

2

because at trial the plaintiff "proved that he conferred a benefit -- the subdivision approval -- on the Callahans, that he expected to be compensated for his work, and that he suffered the opportunity cost of other work."  It stated that "the Callahans retained the subdivision approval . . . that was acquired with the help of [the plaintiff's] efforts."  While the plaintiff was not able to realize his expectation to share in the profits of the development due to Mr. Callahan's termination of their relationship, the plaintiff "could nonetheless seek compensation in an amount by which the Callahans were unjustly enriched."  Accordingly, the panel ordered that the defendants' motion for judgment n.o.v. or, in the alternative, for remittitur or a new trial should be "modified to deny the request for [judgment n.o.v.]."  It remanded the case "for entry of a revised order on that motion giving [the plaintiff] an opportunity to remit so much of the damages as are excessive, the amount of which is to be determined by the trial judge in the first instance, or for a new trial, pursuant to Mass. R. Civ. P. 59 (a), 365 Mass. 827 (1974)."

On remand, the same judge issued an order on remittitur that placed a value on the plaintiff's unjust enrichment claim at $10,000.  The order further stated that "[s]hould [the plaintiff] decline to accept this remitter, he shall be entitled to a new trial pursuant to Mass. R. Civ. P. 59 (a) on the issue

3

of damages."  After the plaintiff rejected the remittitur, the case proceeded to a jury-waived trial before a second judge. Both the plaintiff and Mr. Callahan testified.  In a thoughtful written memorandum of decision, the second judge addressed the parties' testimony regarding their professional relationship and expectations as well as the elements that a plaintiff must prove in order to recover on a claim for unjust enrichment.  After finding that "[t]here was no credible evidence from which the court could determine by any measurable calculus what, if any, benefit [the plaintiff's] activities provided," the judge concluded that the plaintiff "failed to meet his burden of proof as required on the first element of an unjust enrichment claim." The memorandum of decision stated that "the court enters judgment in favor of the defendant."  The judgment, which was authored by the clerk, and the corresponding docket entry stated that the action was "dismissed on the merits" and the defendants "will recover statutory costs."

Discussion.  On appeal, the plaintiff contends that the second judge erred by dismissing his unjust enrichment claim on the merits because the prior panel's decision limited the scope of any new trial to the issue of damages.

On remand, a trial court judge must follow the terms of an appellate court's decision as to matters addressed in that decision.  See City Coal Co. of Springfield. v. Noonan, 434

4

Mass. 709, 710-711 (2001). The appellate court's instructions become "the governing 'law of the case' and should not [be] reconsidered by the remand judge" (citation omitted). Id. at 712 (vacating portion of judgment that exceeded trial judge's authority by reconsidering issue that appellate court already decided). See Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939) ("The general proposition which moved [the trial court] -- that it was bound to carry the mandate of the upper court into execution and could not consider the questions which the mandate laid at rest -- is indisputable").

In reversing or modifying a judgment, an appellate court may remand a case to the trial court for a new trial limited to the issue of damages. See, e.g., West v. Shawmut Design & Const., 39 Mass. App. Ct. 247, 253, S.C. 421 Mass. 1108 (1995), citing Corsetti v. Stone Co., 396 Mass. 1, 27 (1985). Although the prior panel did not specify that any trial on remand would be so limited, that is the most sensible interpretation of its decision. At the first trial, the jury found for the plaintiff on his unjust enrichment claim and awarded him $200,000. While the prior panel found that these damages were unsupported by the evidence, it concluded that judgment n.o.v. was improperly entered and a remittitur or a new trial was appropriate. In particular, the panel concluded that "a remittitur is the more appropriate remedy" because the plaintiff "proved that he

5

conferred a benefit . . . that he expected to be compensated for his work, and that he suffered the opportunity cost of other work."  See Tody's Serv., Inc. v. Liberty Mut. Ins. Co., 496 Mass. 197, 200 (2025), quoting Columbia Plaza Assocs. v. Northeastern Univ., 493 Mass. 570, 589 (2024) ("To succeed on an unjust enrichment claim, a plaintiff must establish that (1) it 'conferred a measurable benefit' on the defendant, (2) it 'reasonably expected compensation,' and (3) 'the defendant accepted the benefit with knowledge' of that reasonable expectation").

The prior panel ordered the trial court on remand to modify "[t]he order allowing the [defendants'] motion for JNOV, or in the alternative, for remittitur or a new trial" and enter "a revised order on that motion giving [the plaintiff] an opportunity to remit so much of the damages as are excessive . . . or for a new trial."  In support of that order, the panel cited rule 59 (a), which allows for a new trial on the issue of damages where they are found to be excessive, provided that "the prevailing party has first been given an opportunity to remit so much thereof as the court adjudges is excessive."  Mass. R. Civ. P. 59 (a), 365 Mass. 827 (1974).  Importantly, rule 59 (a) "only comes into play when the issue in dispute is damages, not an issue relating to liability."  Pelletier v. Somerset, 458 Mass. 504, 522 (2010).

6

On remand, the first judge stated in his order on remittitur that, "[s]hould [the plaintiff] decline to accept this remitter, he shall be entitled to a new trial pursuant to Mass. R. Civ. P. 59 (a) on the issue of damages." After the plaintiff rejected the remittitur, the case proceeded to a second trial which both parties understood was limited to the issue of damages. In his opening statement, the plaintiff's counsel told the second judge that "the only question remaining is how much money the [plaintiff] is owed. And, you know, that's what we're going to be presenting to you today." The defendants' counsel similarly acknowledged that "[t]he only part of the case that remains is whether plaintiff can prove any damages for his unjust enrichment claim."

The plaintiff contends that, following the second trial, the second judge departed from the prior panel's mandate by dismissing the plaintiff's unjust enrichment claim on its merits rather than determining an award of damages. At the outset of his memorandum of decision, the second judge stated that "[t]he plaintiff rejected the remittitur and accordingly opted for a new trial on Count II," the unjust enrichment claim. The judge then concluded that, based on his review of the evidence, the plaintiff "failed to meet his burden of proof as required on the first element of an unjust enrichment claim," i.e., that the plaintiff conferred a measurable benefit on the defendants. See

7

Tody's Serv. Inc., 496 Mass. at 200. While the judge's assessment of the evidence presented by the plaintiff as to damages may be sound, his conclusion as to the first element of the claim is in tension with the panel's determination that the plaintiff "proved that he conferred a benefit" and could "seek compensation in an amount by which the [defendants] were unjustly enriched." Furthermore, the memorandum of decision concluded by stating that the court "enter[ed] judgment in favor of the defendant," and the clerk-authored judgment dismissed "the action . . . on the merits" and awarded costs to the defendants. Those dispositions do not reflect a decision on remand limited to the issue of damages.

As the defendants correctly point out, the prior panel "did not direct any fact finder to determine that any amount of damages [was] proven." In fact, the panel identified various shortcomings in the plaintiff's evidence concerning damages at the first trial, and it did not go so far as to hold that the benefit proven by the plaintiff at the first trial was "measurable." In light of these facts, we do not foreclose the possibility that, based on the evidence presented at the second trial, a determination of no damages on the plaintiff's unjust enrichment claim may be appropriate. However, because it is unclear from the memorandum of decision and judgment whether the second judge limited the second trial to the issue of damages,

8

as both the first judge and the parties at trial anticipated, we vacate the judgment entered on July 31, 2024, and remand the case for clarification of the judgment and, if necessary, further proceedings consistent with this memorandum and order.[4]

So ordered.

By the Court (Vuono, Desmond & Toone, JJ.[5]),

Clerk

Entered:  November 19, 2025.

---

[4] The defendants' request for attorney's fees is denied.

[5] The panelists are listed in order of seniority.

9